# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 2, 2016

## ANDRE DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-07425     W. Mark Ward, Judge**

_____

**No. W2015-01250-CCA-R3-PC  -  Filed April 4, 2016**

_____

Petitioner, Andre Davis, was convicted of voluntary manslaughter by a Shelby County jury and sentenced to fourteen and one-half years in incarceration. His first appeal was denied. *State v. Andre Davis*, No. W2007-01442-CCA-R3-CD, 2008 WL 4831230, at *1 (Tenn. Crim. App. Nov. 5, 2008), *perm. app. denied* (Tenn. Mar. 16, 2009). Petitioner filed a pro se petition for post-conviction relief which led to the grant of a delayed appeal based on trial counsel's failure to file a motion for new trial. Petitioner was permitted to file a motion for new trial. The motion was denied, and Petitioner was again denied relief on appeal. *Andre Davis v. State*, No. W2011-00373-CCA-R3-CD, 2012 WL 5970932, at *2 (Tenn. Crim. App. Nov. 29, 2012), *perm. app. denied* (Tenn. Apr. 10, 2013). Petitioner then sought post-conviction relief again. After a hearing, the petition was denied. On appeal, Petitioner challenges the post-conviction court's denial of relief. After a review, we determine Petitioner has failed to prove by clear and convincing evidence that he is entitled to relief. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

R. Price Harris (on appeal); and Robert Brooks (at hearing), Memphis, Tennessee, for the appellant, Andre Davis.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Omar Malik, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Nearly sixteen years ago, Petitioner shot Charlie Gipson after a confrontation in the victim's front yard. The victim was killed by a bullet that ricocheted off of a tree. *Andre Davis*, 2008 WL 4831230, at *1. A Shelby County jury found Petitioner guilty of voluntary manslaughter as a lesser included offense of first degree murder. The trial court sentenced Petitioner to fourteen and one-half years as a Range III, persistent offender. Petitioner appealed. On appeal, he argued that the evidence was insufficient, that the trial court erred in admitting hearsay from a police report to impeach his testimony, that the trial court erred in excluding evidence of the victim's prior acts of violence and gang affiliation, that the sentence imposed by the trial court was excessive, and that cumulative errors deprived Petitioner of his right to a fair trial and due process. Because his motion for new trial was filed one day late, this Court addressed only the sufficiency of the evidence and sentencing, considering the other issues waived. *Id.* at *4-6. His conviction and sentence were affirmed. *Id.* at *1.

Thereafter, Petitioner sought post-conviction relief. He alleged ineffective assistance of counsel, among other things. On December 6, 2010, Petitioner received a delayed appeal due to trial counsel's failure to file a timely motion for new trial. A motion for new trial was filed and denied. Petitioner again appealed to this Court. On appeal, Petitioner raised one issue—whether the trial court erred in permitting the State to utilize a statement within a police report to impeach Petitioner's testimony. This Court determined that there was no error and affirmed Petitioner's conviction. *Andre Davis*, 2012 WL 5970932, at *3.

Petitioner filed another petition for post-conviction relief on April 11, 2014. In the multiple petitions filed pro se by Petitioner, and later by appointed counsel, numerous areas of alleged ineffective assistance of counsel are cited along with a complaint that the State failed to disclose evidence favorable to the defense, that newly discovered evidence existed, that Petitioner received an "illegal sentence," and that Petitioner suffered as a result of both prosecutorial and judicial bias.

The post-conviction court held a hearing on the petition. At the hearing, Officer Bobby Jones of the Memphis Police Department testified that he was involved in the initial investigation of the victim's death. He was the first officer on the scene. At trial, Petitioner relied on a theory of self-defense, contending that the victim was holding a weight bar[1] which he mistook for a shotgun. When asked if the victim was holding a weight bar at the time of his death or if a weight bar had been recovered as evidence, Officer Jones stated that he had no knowledge of a weight bar. Officer Charles Cathey of the Memphis Police Department also testified at the hearing. Officer Cathey is a crime

---

[1] The weight bar was described as a long bar on which free weights were placed for weightlifting.

scene investigator, and he did not recall seeing or photographing a weight bar at the scene of the shooting.

One of the trial attorneys appointed to represent Petitioner, an employee of the Public Defender's Office, testified at the hearing. He served as co-counsel or "second chair" in Petitioner's trial. In that capacity, he was responsible for taking notes and discussing theories of the case with the lead trial counsel, who was now deceased. Co-counsel testified that the photographs needed at trial by trial counsel were introduced into evidence by the State prior to presentation of the defense proof. Trial counsel's strategy was described as a "self-defense" theory. Trial counsel was "arguing that in the heat of the moment, the weight bar [held by the victim] could have easily been confused with a shotgun and that [Petitioner] was acting in self-defense out of fear [of] the victim, who I think had a reputation of going armed with a shotgun." Co-counsel remembered a photograph of a weight bar being introduced into evidence but was not aware if the State actually possessed the weight bar. Co-counsel mentioned that Petitioner got a "good result" at trial and that he was "not sure what [Petitioner] was complaining about" because he "got excellent representation." Co-counsel explained that Petitioner was facing a "murder first" charge with the possibility of a life sentence and, to walk away from trial with a voluntary manslaughter conviction was a "substantial reduction."

Petitioner testified that trial counsel did not visit him at the jail until "one year and one day" after he was appointed to represent Petitioner. Additionally, he alleged that the "case was not investigated" in a satisfactory fashion. Petitioner claims that the weight bar should have been confiscated and admitted at trial. Petitioner introduced several exhibits at the hearing, some of which he claimed that he received from his trial counsel during discovery and some of which he admitted were actually part of the trial on the matter. Petitioner tried to submit the affidavit of "a witness he was trying to get subpoenaed." The post-conviction court would not allow Petitioner to present the affidavit because it was hearsay but commented that Petitioner had "already testified to the substance [of the affidavit] . . . during [a] previous hearing." At the conclusion of the hearing, the post-conviction court took the matter under advisement.

In a written order, the post-conviction court denied relief, describing Petitioner's "shotgun" approach to seeking relief in which Petitioner challenged many of trial counsel's "tactical decisions." Given that lead trial counsel was deceased at that the time of the post-conviction hearing, the post-conviction court gave Petitioner the benefit of the doubt by taking several of his allegations, such as the allegation that trial counsel failed to meet with Petitioner prior to trial, as true. Nevertheless the post-conviction court found Petitioner failed to prove prejudice as a result of this alleged deficiency. As to the failure of trial counsel to cross-examine a witness, the post-conviction court found Petitioner did not show deficient performance or prejudice as Petitioner failed to bring the witness to the hearing to testify. The post-conviction court dutifully examined each and every one

of Petitioner's seventeen allegations, concluding each time that Petitioner failed to show prejudice or deficient performance. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner challenges that post-conviction court's denial of relief. Pointing to trial counsel's death as a "disadvantage" that somehow "deprived him of the opportunity" to receive post-conviction relief, Petitioner insists that the post-conviction court should have granted him a new trial. Petitioner also argues that trial counsel was unprepared because he did not meet with Petitioner "until approximately seven days before trial" and "seemed to offer no trial strategy nor theme nor theory in representing" Petitioner. Petitioner also complains about co-counsel's testimony to support the State's position, claiming that he was nothing more than a "note taker." Finally, Petitioner submits that the State presented no evidence to "rebut the claim in any sense or way." The State submits that Petitioner "has presented no evidence whatsoever of deficiency of counsel."

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). A defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.*

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *Burns*, 6 S.W.3d at 461. This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the post-conviction court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

In this case, the record demonstrates the judgment of the post-conviction court should be affirmed. Petitioner has failed to present clear and convincing evidence to show that trial counsel was deficient. Co-counsel testified at the hearing about trial counsel's representation. The post-conviction court accredited his testimony. Petitioner failed to present any witnesses or proof at the post-conviction hearing to support his allegations of ineffective assistance of counsel. Petitioner was charged with first degree murder and received a conviction for voluntary manslaughter. On appeal from his denial of post-conviction relief, Petitioner urges this Court to grant him relief in the form of a new trial because he is somehow unable to prove that trial counsel was ineffective merely due to the fact that trial counsel died prior to the post-conviction hearing. Petitioner fails to cite authority for such relief, and we find none exists. Further, if we were to follow Petitioner's request, virtually any post-conviction petitioner with a deceased trial counsel would be automatically entitled to a new trial.[2]

## Conclusion

Petitioner has failed to satisfy his burden to show that trial counsel was ineffective. He is not entitled to relief. The judgment of the post-conviction court is affirmed.[3]

_____
TIMOTHY L. EASTER, JUDGE

---

[2] The State comments that "[a]s a policy matter, it would be the wrong message to future petitioners—some of whom will have been convicted of taking life, such as the petitioner; . . . —that having defense counsel deceased paves a smoother road to post-conviction relief." We agree.

[3] In this appeal, Petitioner has abandoned several claims on appeal. Accordingly, those issues have not been addressed. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim .App. Oct. 26, 2009) ("[W]hile the Petitioner raised additional issues in his petition for post-conviction relief, he has abandoned those issues on appeal").